IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| EDWARD D. GODFREY; and DALE F. GODFFREY<br><br>        Plaintiffs,<br><br>    v.<br><br>SUSAN J. THALER,<br><br>        Defendant. | Case No. 2:25-cv-00489-HL<br><br>**FINDINGS AND RECOMMENDATION** |

HALLMAN, United States Magistrate Judge:

    Pro se Plaintiffs Edward D. Godfrey and Dale F. Godfrey ("Plaintiffs") bring this suit against Susan J. Thaler ("Defendant") alleging violations of Oregon and federal law. Complaint, ECF 2. Now before the Court is Plaintiffs' application to proceed *in forma pauperis*. ECF 1. Because this Court lacks subject-matter jurisdiction to hear their claims, Plaintiffs' application is DENIED, and the Court recommends that Plaintiffs' Complaint be DISMISSED without prejudice and without leave to amend.

PAGE 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

Plaintiffs' Complaint alleges that Defendant breached a contract by lying on a "seller disclosure form." Compl. 4. The dispute centers on whether the disclosure accurately described the property purchased by Plaintiffs. *Id.* Plaintiffs seek "all the money [they] put into [the] place," as well as compensation for the "stress and heartache" caused by the dispute. *Id.* They also seek to have Defendant prosecuted for fraud. *Id.* The Complaint cites two sources of statutory authority: (1) Or. Rev. Stat. § 92.465, which prohibits fraud and deceit in real estate transactions, and (2) 18 U.S.C. § 1341, which is the federal criminal mail fraud statute. Civil Cover Sheet, ECF 2-1.

## STANDARDS

"Federal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016). The court must dismiss any case over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

When proceedings are brought *in forma pauperis*, a court evaluates whether the complaint "is frivolous or malicious," "fails to state a claim," or "seeks monetary relief against a defendant who is immune from such relief," and it must dismiss the case if any of those bases are present. 28 U.S.C. § 1915(e)(2)(B). As part of that analysis, a court may also evaluate whether it has subject-matter jurisdiction over the claim. *See Hardcastle v. N. Or. Reg'l Corr. Facility*, No. 3:19-cv-00288-AC, 2019 WL 2251823, at *1–2 (D. Or. May 1, 2019). A court may sua sponte dismiss cases over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Arbaugh v.*

*Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that courts "have an independent obligation to determine whether subject-matter jurisdiction exists").

Courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend their complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000).

## DISCUSSION

**I.     Diversity jurisdiction.**

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332(a)(1). The party seeking to invoke diversity jurisdiction bears the burden of pleading and proving that diversity jurisdiction exists. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). A natural person's citizenship is their domicile, where they reside with the intention to remain. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiffs' Complaint asserts diversity of citizenship as the basis for this Court's jurisdiction. Compl. 3. But Plaintiffs' Complaint fails to plead diversity of citizenship. Plaintiffs are citizens of Oregon. Compl. 1, 3. Defendant is also a citizen of Oregon. Compl. 2–3. Thus, the requirement of complete diversity is not met, and this Court lacks subject-matter jurisdiction over the Complaint.

**II.     Federal question jurisdiction.**

District courts "have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." 28 U.S.C. § 1331. But a plaintiff "cannot bring a civil claim based on an alleged violation of a federal criminal statute." *Valdez v. Wells Fargo*, No. 3:24-cv-02111-AB, 2025 WL 563417, at *2 (D. Or. Feb. 19, 2025); *see also Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress."). The criminal statute for mail fraud, 18 U.S.C. § 1341, "does not provide a private right of action." *Baumgartner v. Miles*, No. 1:24-cv-01699-MC, 2024 WL 4693893, at *2 (D. Or. Nov. 6, 2024).

Although Plaintiffs do not assert federal question jurisdiction as a basis for their claims, this Court addresses it because the Complaint references the federal mail fraud statute, 28 U.S.C. § 1341. Civil Cover Sheet. That statute is a criminal statute that does not provide Plaintiffs a private right of action. Therefore, Plaintiffs cannot rely on federal question jurisdiction to establish this Court's subject-matter jurisdiction over this Complaint.

**III.     Leave to amend.**

Plaintiffs' Complaint should be dismissed without leave to amend because amendment could not cure the Complaint's deficiencies. As explained, there is no basis for this Court to exercise diversity jurisdiction because all parties are citizens of Oregon. And even if the Plaintiffs sought to invoke federal question jurisdiction, they cannot rely on the criminal mail fraud statute as a basis for subject-matter jurisdiction.

**RECOMMENDATION**

For the reasons discussed above, Plaintiffs' request to proceed *in forma pauperis*, ECF 1, is DENIED, and Plaintiffs' Complaint, ECF 2, should be dismissed WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to de novo consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 1st Day of April, 2025.

_____
ANDREW HALLMAN
United States Magistrate Judge